**GLAXO, INC. and Glaxo Group Limited, Plaintiffs,**

v.

**NOVOPHARM LTD., Defendant.**

**No. 91–759–CIV–5–BO.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

Aug. 4, 1993.

Joseph W. Eason, Moore & Van Allen, Raleigh, NC, Stephen B. Judlowe, William G. Todd, Janet B. Linn, Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, Stuart J. Land, Steven P. Lockman, Arnold & Porter, Washington, DC, for plaintiff.

John R. Wallace, Kirby, Wallace, Creech, Sarda & Zaytoun, Raleigh, NC, Robert F. Green, Jeffrey S. Ward, Leydig, Voit & Mayer, Chicago, IL, for defendant.

### ORDER

TERRENCE WILLIAM BOYLE, District Judge. ·

On June 2, 1993, defendant Novopharm received certain documents in discovery which it contends show that plaintiff Glaxo failed to disclose the "best mode" for producing ranitidine hydrochloride in its application for the patent in suit. Based upon these documents, Novopharm has moved for summary judgment on the grounds that the patent in suit is invalid. As set out below, the court does not believe Novopharm has carried its burden of showing that there is no disputed issue of material fact concerning the alleged best mode violation, and the motion for summary judgment will therefore be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Ranitidine hydrochloride is a chemical compound which Glaxo sells as an ulcer medication under the brand name Zantac. It was originally patented in 1978 under U.S. Patent No. 4,128,658. In 1985, Glaxo was awarded a second patent, U.S. Patent No. 4,521,431 covering "Form 2" ranitidine hydrochloride, which Glaxo contends is a somewhat different crystalline form of the same compound. In August 1991, defendant Novopharm filed an Abbreviated New Drug Application (ANDA) with the Food and Drug Administration seeking to market a generic equivalent to Zantac when the '658 patent expires in 1995. Filing the ANDA constituted a statutory infringement on the '431 patent, and Glaxo brought the instant infringement action against Novopharm. In its answer, Novopharm raised as an affirmative defense that "[t]he '431 patent is invalid and void under one or more of the provisions of Title 35, U.S.Code, §§ 101, 102, 103 and 112." The case is set for trial before this court on August 9, 1993.

### NOVOPHARM'S MOTION FOR SUMMARY JUDGMENT

Title 35 U.S.Code § 112 requires that specifications in a patent "shall set forth the best mode contemplated by the inventor for carrying out his invention." The purpose of this section is to keep inventors from obtaining the protection of the patent system while keeping secret the "preferred embodiment" of their inventions. *Application of Gay*, 309 F.2d 769 (CCPA 1962). By requiring the inventor to disclose the best mode for practicing his invention, the statute permits others skilled in the art to practice the patented invention most efficiently once the patent's monopoly expires. *Dana Corp. v. IPC Limited Partnership*, 860 F.2d 415, 418 (Fed.Cir. 1988).

The test for finding a best mode violation has two steps. First, the court must determine whether "at the time the inventor filed his patent application, he knew of a mode of practicing his claimed invention that he considered to be better than any other. This part of the inquiry is wholly subjective ...". *Chemcast Corp. v. Arco Industries Corp.*, 913 F.2d 923, 927 (Fed.Cir.1990). Secondly, if the inventor did believe that there was some preferred mode, the court must determine whether the inventor disclosed sufficient information to permit one skilled in the art to practice the best mode. *Id.*

In its memorandum supporting summary judgment, Novopharm contends that prior to filing the '431 patent Glaxo scientists had determined that the best mode for manufacturing ranitidine hydrochloride for pharmaceutical use was to use an azeotroping process to granulate the active ingredient. This granulation process simplifies the procedure for making tablets because it makes ranitidine easier to dispense accurately. Novopharm contends that despite Glaxo's knowledge of this preferred method of manufacture it did not disclose the azeotroping process in the pharmaceutical composition claims in the '431 patent.

The inventor of Form 2 ranitidine hydrochloride, Dr. Derek Crookes, submitted a declaration in opposition to summary judgment in which he stated, "I did not know the specific details of the granulation process ... At all times prior to this litigation I believed that whatever granulation process or processes Pharmacy was using were simply conventional. I believed that the process or processes did not differ from conventional granulation, or give rise to any benefit not common to conventional granulation." Novopharm has offered no proof to contradict these statements.

From these submissions, the court cannot hold as a matter of law that Dr. Crookes knew that the azeotroping process was the best mode of manufacturing ranitidine hydrochloride, and summary judgment must therefore be denied. The court reserves for trial, however, ruling on the question of whether and to what extent the knowledge of other Glaxo employees and agents may be imputed to Dr. Crookes for purposes of finding a best mode analysis. In the event that the evidence adduced at trial makes a ruling on this question necessary, the court will confront the issue at that time.

Novopharm's motion for summary judgment is DENIED.

SO ORDERED.